# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**AUSTYN BRAWLEY**                                                                 **PLAINTIFF**

v.                          No: 4:20-cv-001424 LPR-PSH

**KAREN GRANT,** *et al.*                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Austyn Brawley, an inmate at the Faulkner County Detention Center ("FCDC") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 4, 2020 (Doc. No. 2). In its initial order to Brawley granting his motion to proceed *in forma pauperis*, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Brawley that if any

communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

On December 21 and 22, 2020, mail sent to Brawley at the FCDC was returned to the Court as undeliverable (Doc. Nos. 4-5).[1] "Return to sender, no longer here" was written on one of the envelopes returned as undeliverable, Doc. No. 5. On February 12, 2021, the Court entered a text order directing Brawley to provide notice of his current mailing address by no later than thirty days from its entry. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed. A printed version of the text order was mailed to him at his last known address, the FCDC. The Court's February 12 text order was not returned as undeliverable.

More than 30 days have passed, and Brawley has not complied or otherwise responded to the February 12 order. Brawley failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district

---

[1] The mail was a blank § 1983 complaint sent by the Clerk at this Court's direction and the Initial Order granting *in forma pauperis* status.

courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Brawley's complaint (Doc. No. 2) be dismissed without prejudice.

DATED this 26th day of April, 2021.

                                              UNITED STATES MAGISTRATE JUDGE